# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2020

Lyle W. Cayce
Clerk

No. 19-10510
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ERNESTO COCA-ORTIZ, also known as Jaime Ernesto Coca-Marchante,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-253-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jaime Ernesto Coca-Ortiz appeals the sentence imposed for his conviction of illegal reentry into the United States. The district court imposed an above-guidelines sentence of 60 months of imprisonment and two years of supervised release. Coca-Ortiz raises three claims of error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10510

First, he contends that the district court committed procedural error by failing to address his arguments for a lesser sentence and failing to adequately explain its reasons for the upward variance.  In the district court, Coca-Ortiz did not object to his sentence based on procedural error.  He acknowledges that our precedent requires a specific objection to preserve procedural sentencing errors, but he argues that no such objection was necessary to preserve the procedural errors he raises here.  In accordance with our precedent, plain error review applies to Coca-Ortiz's claims of procedural error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361-62 (5th Cir. 2009).

Before pronouncing its sentencing decision, the district court heard Coca-Ortiz's arguments in mitigation relating to his family, criminal history, reasons for coming to the United States, and plans for the future.  However, the district court indicated that the 60-month sentence was appropriate based on other considerations under 18 U.S.C. § 3553(a), including Coca-Ortiz's history of repeated immigration violations and the need to protect the public from further crimes by him, to provide just punishment, and to afford adequate deterrence.  *See* § 3553(a)(1), (a)(2)(A)-(C).  Coca-Ortiz has not shown that the district court plainly erred with respect to the consideration of his mitigation arguments and the explanation of the sentence.  *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).

In his second claim of error, Coca-Ortiz challenges the substantive reasonableness of his sentence.  Coca-Ortiz's advocacy at sentencing for a below-guidelines sentence of 20 months of imprisonment was sufficient to preserve this issue for appeal.  *See Holguin-Hernandez v. United States*, No. 18-7739, 2020 WL 908880, at *3-4 (U.S. Feb. 26, 2020).

No. 19-10510

The 60-month prison term that was imposed constituted an upward variance of 23 months from the top of Coca-Ortiz's guidelines range. The district court's reasons for the upward variance included Coca-Ortiz's criminal history and history of repeatedly returning to the United States illegally after being removed, and those reasons are supported by the record. "[O]ur review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted). Giving due deference to the district court's sentencing decision, we conclude that Coca-Ortiz has not shown that the district court abused its discretion with respect to the substantive reasonableness of the sentence.

Lastly, Coca-Ortiz argues that the statutory sentencing enhancements under 8 U.S.C. § 1326(b) are unconstitutional and that his guilty plea was involuntary because he was not advised that the prior-felony provision of § 1326(b)(1) stated an essential element of his offense. As he correctly concedes, these arguments are foreclosed in this court by *Almendarez–Torres v. United States*, 523 U.S. 224 (1998).

AFFIRMED.